# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**STUART LEE MARSHALL**                                                                                   **PLAINTIFF**

**v.**                                                                   **CIVIL ACTION NO. 4:05CV-P45-M**

**HENDERSON COUNTY DETENTION CENTER**                                                   **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, Stuart Lee Marshall, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The complaint is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.[1]

## I. SUMMARY OF FACTS AND CLAIMS

Plaintiff, while a pretrial detainee at the Henderson County Detention Center ("HCDC"), filed the instant complaint against the HCDC. According to the complaint, on or about April 6, 2004, Plaintiff slipped on the wet floor in cell 169 "[d]ue to the fact our hot water in the Shower Stuck on . . . for hours" causing condensation all over the cell. As consequences of his fall, Plaintiff broke his ankle and three of his teeth. Plaintiff claims, "we ask severl times to fix the Shower But nothing was done." Plaintiff was taken to the hospital, and while there, Col. Herrington called a maintenance man at home and "told him to get to the Jail [and] fix the shower in cell 169 tonight." Upon being returned to the jail, and even though a medical cell was

---

[1] Subsequent to the filing of the complaint, Plaintiff filed a document, which the Court construes as a motion to amend the complaint (DN 6). The Court will not consider the motion, however, because "'courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal.'" *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)).

available, Plaintiff was placed "in the hole" without a phone or television, and his pain medication was taken away. As recompense for these alleged injuries, Plaintiff seeks monetary damages in the amount of $100,000 and punitive damages in the amount of $200,000.

Plaintiff reports that the HCDC has a prisoner grievance procedure, and he asserts that he presented the facts related to each claim in this grievance procedure. More specifically, he reports filing grievances on April 19, 2004, and February 28, 2005, grieving "the fact I had injuries Due to Jail neglaganc [and] unfair [and] unreasonble treatment." Plaintiff attaches the two grievances to his complaint.

In the first grievance dated April 19, 2004, Plaintiff reported speaking with Major Fine about getting his property and commissary in segregation, since Plaintiff was in segregation "for medical not for rule infractions." Plaintiff claimed that because his ankle was broken, he was "being isolated from everything no T.V. no phone." Within the same grievance, Plaintiff also grieved, "It has Been 2 weeks I have had 3 teeth Broken off and have not even seen a [dentist]." He finally reported that while his blood pressure was supposed to be taken everyday, it had not been checked for three days. In response, Plaintiff was moved to cell 174.

In the second grievance dated February 28, 2005, Plaintiff referenced the April 6, 2004, incident and claimed, "You have made know attempt to try to settle this issue with me. It was caused by jail neglagane." In response, Col. Herrington wrote, "Your teeth was rotten at the time of intake; they have now been extracted. You fell in our cell resulting in injuries to your mouth and ankle. You were then transported to the hospital where necessary care was provided."

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the district court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "the duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And, this Court is not required to create a claim

for the plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also* Fed. R. Civ. P. 8(a)(2).  To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

As a preliminary matter, the Court advises that the Henderson County Detention Center is not an entity subject to suit.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Rather, the claims against the detention center must be brought against Henderson County as the real party in interest.  *Id.* (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).  "[T]he touchstone of 'official policy'

is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A plaintiff seeking to hold a municipality liable under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404.

"Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir. 2003) (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington v. Skeeter*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Cherrington v. Skeeter*, 344 F.3d at 645 (quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. at 404) (internal quotation marks omitted). Simply stated, "a plaintiff must

5

'identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Plaintiff merely describes a slip-and-fall incident resulting in injuries, due to which he was transported to the hospital, where he received medical treatment. While Plaintiff alleges that "we ask severl times to fix the Shower But nothing was done," he fails to allege that the jailer or other policymaking official knew of the shower problem. He further fails to demonstrate that the problem lasted long enough to become a custom and even concedes that the shower had been running only for *hours*. Additionally, Plaintiff was only temporarily placed in segregation due to his medical condition and was moved upon filing a grievance. Finally, while he complains that he had not been to see the dentist for two weeks following the fall, he fails to allege that this inaction was pursuant to a municipal policy or custom, and the record reveals that his teeth were eventually extracted.

As nothing in the complaint demonstrates that the alleged injuries to Plaintiff resulted from the application of any Henderson County policy or custom, *see Bennett v. City of Eastpointe*, 410 F.3d 810, 819 (6th Cir. 2005) ("The claimant has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue."), the complaint fails to establish a basis of liability against Henderson County and therefore fails to state a cognizable § 1983 claim. Having determined that the municipality cannot be held liable for the alleged harm, this Court need not

6

address whether the harm was caused by a constitutional violation. The instant action will thus be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

      The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:    Plaintiff, *pro se*
       Henderson County Attorney
4414.005